**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Kenneth Edward THREADGILL,**
**Defendant—Appellant.**

**No. 08–30015.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Decided Oct. 30, 2008.

Michael S. Lahr, Assistant U.S., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Robert Henry Branom, Jr., Assistant Federal Public Defender, David F. Ness, Assistant Federal Public Defender, Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: SILVERMAN, McKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM *

Kenneth Edward Threadgill appeals his conviction and sentence for three counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), three counts of sexual exploitation of a child within one's custody or control, in violation of 18 U.S.C. § 2251(b), one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one count of possession of child pornography, in violation of 18

U.S.C. § 2252A(a)(5)(B). Threadgill argues the Double Jeopardy Clause forbids a court from convicting and sentencing him for both receipt and possession of child pornography because the latter is a lesser-included offense of the former. Threadgill also contends his convictions for both sexual exploitation of children and sexual exploitation of children within his custody or control violate the prohibition against double jeopardy. Finally, Threadgill appeals his sentence as unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and review for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Olano,* 507 U.S. 725, 730–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (defining limitations on a reviewing court's authority to correct plain error).

■ In light of *United States v. Davenport,* 519 F.3d 940 (9th Cir.2008), and *United States v. Giberson,* 527 F.3d 882 (9th Cir.2008), the district court plainly erred when it convicted and sentenced Threadgill, based on the same conduct, for both receipt of child pornography and possession of child pornography. (We note that the district court did not have the benefit of these cases, as the proceedings in the district court occurred months before the publication of *Davenport* and *Giberson* ). Possession of child pornography is a lesser-included offense of receipt of child pornography. *See Davenport,* 519 F.3d at 947. The Double Jeopardy Clause does not permit convictions for both the greater and necessarily-included lesser offenses when the convictions arise from the same conduct. *See id.* at 942.

Contrary to the government's contention, Threadgill's admissions during the plea colloquoy do not cure the district court's error. Threadgill did not discuss

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the "self-made" child pornography in relation to Count VII, receipt of child pornography, or Count VIII, possession of child pornography. Nor did the government's Offer of Proof cure the error, as it does not specify that the "self-made" child pornography is the basis for the allegations contained in Count VIII. *Davenport* and *Giberson* are materially indistinguishable from Threadgill's appeal. We reverse in part and remand to the district court with instructions to vacate Threadgill's conviction for possession of child pornography. The district court should resentence Threadgill for his conviction for receipt of child pornography.

Threadgill's second claim under the Double Jeopardy Clause is not persuasive. Contrary to Threadgill's submission, Threadgill's claim is governed by *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The *Blockburger* test is used "to determine whether there are two offenses or only one." *Id.* at 304, 52 S.Ct. 180. When "each provision requires proof of a fact which the other does not," *id.*, a court may convict a defendant under both provisions for the same underlying conduct without violating the Double Jeopardy Clause. Threadgill has not demonstrated that sexual exploitation of a child, 18 U.S.C. § 2251(a), and sexual exploitation of a child within one's custody or control, 18 U.S.C. § 2251(b), do not each require proof of a fact that the other does not. Accordingly, we affirm Threadgill's convictions for sexual exploitation of children and sexual exploitation of children under his custody or control.

As Threadgill will be resentenced for his conviction for receipt of child pornography, we do not consider Threadgill's claim concerning the reasonableness of his present sentence.

AFFIRMED in part; REVERSED in part; and REMANDED.